UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEORA L. JOHNSON, | ) |
| | ) No. CV-11-74-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 27, 2012 (ECF No. 13, 20). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Jessica Milano represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge, ECF No. 7. On April 9, 2012, plaintiff filed a reply, ECF No. 22. After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment, ECF No. 20.

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) and disability insurance benefits (DIB) on January 23, 2007, alleging disability as of September 1, 2003 (Tr. 279-281, 284-287). The applications were denied initially and on

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                            - 1 -

reconsideration (Tr. 174-177, 184-185, 187-188).

Administrative Law Judge (ALJ) Robert S. Chester held the first hearing on September 17, 2008 (Tr. 38-92), and issued an unfavorable decision on October 16, 2008 (Tr. 159-170). The Appeals Council granted review on December 23, 2008, vacated the prior decision, and remanded for further proceedings (Tr. 225-229).

The ALJ conducted a hearing after remand on December 2, 2009. Plaintiff, represented by counsel, a doctor, a psychologist, and a vocational expert testified (Tr. 95-148). On January 15, 2010, the ALJ issued an unfavorable decision (Tr. 14-31). The Appeals Council denied review on February 2, 2011 (Tr. 1-5). The ALJ's January 2010 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 22, 2011 (ECF No. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 43 years old at onset and 49 on the date of the decision (Tr. 279). She earned a GED (Tr. 57). She has worked as a cashier, electronics assembler and tester, wiring flex hose assembler, hand packager, bartender, and home attendant (Tr. 59-60, 84).

A. *2008 hearing*

At the time of the first hearing, plaintiff was in physical therapy for knee problems (Tr. 62). Medication helps with

depression. Other than seeing Dr. Mabee [for evaluations] once or twice a year, plaintiff was not receiving mental health counseling (Tr. 68). She likes to play pool, camp, and sew (Tr. 71-72). Back pain limits sitting and standing to 20 to 30 minutes. She has been diagnosed with psoriatic arthritis (Tr. 75, 77). She stopped drinking and using marijuana on February 15, 2007, but relapsed once by drinking in July 2007 (Tr. 78-79).

B. *2009 hearing*

At the hearing after remand, on December 2, 2009, plaintiff testified she quit using drugs and alcohol in July 2007 (Tr. 124-125). The swelling and pain in her joints and left hand had worsened, left shoulder pain continued despite surgery, and she has pain in the neck, back, knees, and elbows. She experiences headaches and sleep problems. Plaintiff can walk 6 to 8 blocks. She can sit and stand 15 to 20 minutes. Bending and squatting are difficult. Medication makes her drowsy. She watches television and sings karaoke once or twice a month if she is up to it. She cooks easy meals, sweeps, washes dishes, and takes the bus (Tr. 127-134, 139).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a

plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is

able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir.2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382 (a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir.2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998). If there is evidence

of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to decide if the claimant would be disabled if he or she stopped using alcohol or drugs.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations

omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through December 31, 2008. At step one, he found she did not engage in substantial gainful activity after onset on September 1, 2003 (Tr. 17). At step two he found plaintiff suffers from rheumatoid arthritis; left shoulder fracture; status-post rotator cuff tear repair; status-post carpal tunnel release surgery; degenerative disc

disease; major depressive disorder; generalized anxiety disorder; and polysubstance abuse (DAA) (Tr. 17). At step three he found Plaintiff's mental impairments meet the listings when DAA is included (affective disorders, 12.04; anxiety related disorders, 12.06, and substance addiction disorders, 12.09)(Tr. 18). Because he found plaintiff disabled when DAA is included, the ALJ went on to determine if DAA was material to the disability determination.

When DAA is excluded, the ALJ found plaintiff's remaining impairments would be severe but would not meet the listings (Tr. 20). He found plaintiff less than fully credible and assessed an RFC for a range of medium work (Tr. 24-25, 28). At step four, the ALJ found that, when DAA is excluded, plaintiff can perform her past work as a hose assembler, shipping and receiving checker, bartender, retail sales clerk, and computer assembler (Tr. 29). The ALJ found DAA is a contributing factor material to the disability determination (Tr. 30). Accordingly, he found plaintiff is not disabled as defined by the Social Security Act (Tr. 30-31).

**ISSUES**

Plaintiff alleges the ALJ should have found at step three that arthritis meets or equals listing 14.09 (inflammatory arthritis). She also alleges the ALJ failed to properly weigh an examining psychologist's opinion (ECF No. 14 at 13-14, 16-17). Plaintiff does not challenge the ALJ's adverse credibility determination on appeal.

The Commissioner asserts plaintiff fails to meet her burden of proving she meets the listing because (1) she fails to show the required findings (ECF No. 21 at 14-17) and (2) the ALJ correctly relied on the more recent medical opinions of examining Dr. Rose

and testifying Dr. Winkler. Their opinions are supported by "contemporaneous examination findings and treatment records" (ECF No. 21 at 17-19). The defendant asserts the ALJ's reasons for rejecting the contradicted opinions from Dr. Mabee's office are valid, including inconsistencies between the opinions and plaintiff's own reports to treating sources that medication improved her mood (ECF No. 21 at 20-23). The defendant asks the Court to affirm (ECF No. 21 at 2).

**DISCUSSION**

**A. Step three**

Plaintiff alleges the ALJ should have found at step three that her arthritis meets Listing 14.09. She alleges the ALJ did not meet his burden of obtaining a medical expert's opinion to "clarify the nature and severity" of her arthritic condition (ECF No. 14 at 13-14, 22 at 1-2).

Plaintiff fails to show the findings required to meet or equal Listing 14.09. In addition, as the Commissioner correctly observes, the ALJ favored the opinions of Robert Rose, M.D., who examined plaintiff in May of 2009, and of Anne Winkler, M.D., who testified at the 2010 hearing after reviewing all of the records. Plaintiff's reliance on the vague 2008 opinion of Anthony Francis, M.D., who testified at the hearing *before* remand, is misplaced.

**B. Psychological limitations**

Plaintiff alleges the ALJ failed to properly weigh the contradicted opinions of examining psychologist W. Scott Mabee, Ph.D. (ECF No. 14 at 16-17). The Commissioner responds, in part, that the ALJ's reasons are valid (ECF No. 21 at 20-23).

The Commissioner is correct (see below).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9 -

**C. Credibility**

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 28). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005). As noted, plaintiff does not challenge the ALJ's credibility assessment on appeal.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ relied, in part, on noncompliance with treatment, inconsistent statements, and activities inconsistent with claimed severe limitations (Tr. 26-29).

<u>*Unexplained failure to comply with treatment*</u>  Without

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 10 -

explanation, plaintiff failed to go to prescribed physical therapy on numerous occasions (Tr. 27-28; *see e.g.* Tr. 667, 700).

<u>*Inconsistent statements*</u>   Plaintiff has inconsistently described substance abuse. On September 18, 2007, she told treating source Barbara Tritt, PAC, she relapsed on marijuana two weeks ago (Tr. 611). On September 5, 2007, plaintiff told Dr. Mabee's office she had been clean since July 24, 2007 (Tr. 640).

<u>*Activities*</u>   Plaintiff sings karaoke with friends twice a month, visits family, plays pool, plays cards with friends, cares for the elderly (including running errands), cooks, rides the bus, walks up to a mile for exercise, and does light housekeeping (Tr. 26 338-339, 342, 427, 559, 686, 713, 726). If she needs money, plaintiff recycles, does light housekeeping, or babysits (TR. 657). These activities are consistent with the ability to perform work-like tasks and inconsistent with disabling limitations.

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record.

An ALJ may base an adverse credibility determination on "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.2008)(citations omitted).

A claimant's inconsistent statements support an adverse credibility determination. *See Thomas v. Barnhart,* 278 F.3d 947, 958-959 (9th Cir.2002); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1986).

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

An ALJ may reject a treating or examining physician's contradicted opinion in reliance on the testimony of a nonexamining advisor when the testimony is supported by other evidence in the record and is consistent with it. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995); *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir.1984). Dr. Klein's opinion is supported by other evidence and consistent with it, including plaintiff's complete lack of mental health treatment, the effectiveness of medication at controlling symptoms, and activities in excess of what would be expected from someone with plaintiff's allegedly disabling limitations.

Although the evidence may support more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner where, as here, proper legal standards were applied in weighing the evidence and making the decision. *See Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-1230.

When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005).

The reports from Dr. Mabee's office indicate (1) DAA was active in the first evaluation in 2006. Plaintiff admitted she continued to drink, yet she is diagnosed with cannabis dependence in early partial remission. Alcohol use is not addressed. As Dr. Klein points out, the "interview was not as thorough and the scope was not as broad as one might have liked." (Tr. 23, 112-113, 493). (2) In the second evaluation, plaintiff reports she no longer has significant depression since taking celexa for the past two years

(Tr. 640). She is assessed as moderately limited by depressed mood, and in the ability to control physical or motor movements and maintain appropriate behavior, despite plaintiff's statement and the lack of findings to support these limitations (Tr. 23, 647-648). (3) In the final evaluation in August of 2008, she is diagnosed with ten moderate and two marked limitations, yet a GAF of 60 is assessed, indicative of only moderate symptoms or difficulty (Tr. 23-24, 653-654, 659). As the ALJ notes, opinions contradicted by plaintiff's self-reported functioning and by test results such as the Beck Depression Inventory, are specific, legitimate reasons to reject these contradicted examiners' opinions (Tr. 23-24, 29). An ALJ need not accept the opinions of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005).

The ALJ properly weighed the medical evidence of psychological limitations and plaintiff's credibility. He came to a reasonable conclusion based on the evidence in the record, and that ends the court's inquiry on appeal. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005)("If the record would support more than one rational interpretation, we defer to the ALJ's decision.").

The ALJ similarly properly weighed the evidence of physical limitation, and came to a reasonable conclusion based on the evidence. That ends this court's inquiry on appeal. *Bayliss*, 427 F.3d at 1214 n. 1.

After review the Court finds no harmful error in the ALJ's decision.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                         - 13 -

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 15th day of May, 2012.

                                      s/ James P. Hutton
                                      JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                              - 14 -